```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        NORTHERN DIVISION
```

CAROL MONTGOMERY                    *
O/B/O KENDERICK MONTGOMERY,         *
                                    *
    Plaintiff,                     *
                                    *
vs.                                 *   CIVIL ACTION 07-00738-KD-B
                                    *
MICHAEL J. ASTRUE,                  *
Commissioner of Social              *
Security,                           *
                                    *
    Defendant.                     *

## REPORT AND RECOMMENDATION

Plaintiff brings this action under 42 U.S.C.§ 405(g) seeking seeking judicial review of a final decision of the Commissioner of Social Security.  This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending before the Court is the Commissioner's Motion to Dismiss (Doc. 13).  Upon careful review of the Commissioner's motion and supporting declaration and the record evidence, the undersigned recommends that the motion be GRANTED.

### I.     Procedural History

Plaintiff Carol Montgomery filed a complaint in this court on October 19, 2007 on behalf of her minor child, stating that "[j]urisdiction for this action lies under the provisions of 42 U.S.C. § 405(g) which authorizes judicial review of the final decision of the Commissioner of the Social Security Administration denying eligibility for SSI and disability insurance benefits." (Doc.

1). Plaintiff further avers that the complaint is brought in a timely manner following receipt of an unfavorable decision by the Appeals Council on July 23, 2007. Id. According to Plaintiff, a request for an extension of time was filed with the Appeals Council in order to allow Plaintiff to obtain counsel to represent her in this action; however, the Appeals Council never responded to her extension request. Plaintiff further avers that her counsel twice requested an extension of time from the Appeals Council, but that the Appeals Council never responded. Although Plaintiff indicates that copies of her extension requests are attached to her complaint, a review of the complaint fails to reveal any supporting documentation.

    The Commissioner filed the instant motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), on January 10, 2008. (Doc. 13)   In support of his motion, the Commissioner has submitted the Declaration of Patrick J. Herbst, who is the Chief of the Court Case Preparation and Review for the Office of Disability Adjudication and Review of the Social Security Administration (Doc. 13-2). In his Declaration, Mr. Patrick states that the official file maintained by the Office of Disability Adjudication and Review relating to Plaintiff's claim is in his custody, that the file has been examined under his supervision, and that neither the file nor agency computer records show that a request for review was filed by Plaintiff, or denied by the Appeals Council. (Doc. 13-2 at 2-3).   Mr. Patrick's Declaration also includes a copy of the Notice of Decision dated July 7, 2007, and addressed to Plaintiff and her then counsel of record.   The Notice advises Plaintiff of her right to request review of the Administrative Law Judge's decision within sixty (60) days of receipt (Doc. 13 at 1).

In his motion to dismiss, the Commissioner argues that Plaintiff's complaint, which was filed on October 19, 2007, should be dismissed as untimely because it was not filed by September 5, 2007, or within sixty days of the July 7, 2007 Notice. (Doc. 13)

42 U.S.C. § 405(g) provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or with such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia...

42 U.S.C. § 405(g) (emphasis added).  The Eleventh Circuit has held that the doctrine of equitable tolling applies to the statute of limitations period embodied in § 405(g), and that a finding of extraordinary circumstances is necessary before a court may equitably toll the SSA's statutory period.  Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).   In Jackson, the court indicated that in order to demonstrate extraordinary circumstances, the plaintiff must come forth with evidence establishing fraud, misinformation or deliberate concealment.  The plaintiff in Jackson presented evidence that she was proceeding pro se, that she had no legal training, and that she had attempted, in good faith, to timely file her complaint; however, she filed the complaint in the wrong court.  In rejecting the plaintiff's claim, the Jackson court found that the plaintiff was clearly notified that she was obligated to timely commence suit in federal court, and that

she failed to come forth with any evidence which indicated that the Commissioner engaged in any act of affirmative misconduct in an effort to mislead her. Id at 1358.

In the case sub judice, the Commissioner has produced evidence reflecting that the Notice of Decision was mailed to Plaintiff and her then counsel of record on July 7, 2007, and that her complaint was not filed with this Court until more than ninety (90) days later on October 19, 2007.  Plaintiff has not contested that the Notice was timely received.  Instead, in her complaint, Plaintiff asserts that she and her counsel wrote the Appeals Council, on three (3) occasions, requesting extensions of time; however they received no response.  Plaintiff has proffered no evidence in support of her assertions. For instance, she asserts that a copy of her written extension letters are attached to her compliant, when in fact, no such documentation was included with her complaint.  Moreover, although Plaintiff was provided an opportunity in which to respond to the Commissioner's motion, she has failed to do so. Simply put, Plaintiff has proffered no evidence which suggests, let alone demonstrates, that equitable tolling should be applied in this case. Accordingly, the undersigned recommends that the Commissioner's motion be GRANTED, and that Plaintiff's complaint be dismissed as untimely.

The attached sheet contains important information regarding objections to this report and recommendation.

**DONE** this **14th day of February, 2008**.

                                      **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                              **/s / SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**